IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLARENCE E. WILSON, | § | |
| TDCJ #240546, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-2042 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice - | § | |
| Correctional Institutions Division, | § | |
| Respondent.[1] | § | |

## MEMORANDUM AND ORDER

The petitioner, Clarence E. Wilson, is an inmate incarcerated in the Texas Department

of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ").  Wilson has

filed a petition for a federal writ of habeas corpus to challenge the calculation of his sentence

following a parole revocation.  After reviewing the pleadings under Rule 4 of the Rules

Governing Section 2254 Cases in the United States District Courts, the Court concludes that

this case must be **dismissed** for reasons set forth below.

## I.    BACKGROUND

Wilson reports that he was convicted of "[i]ntentional murder" in June of 1974, and

sentenced by a state district court to serve fifty years in prison. In 1984, Wilson was released

---

[1]     The petition lists Doug Dretke as the respondent.  On June 1, 2006, Nathaniel Quarterman replaced Doug Dretke as Director of the Texas Department of Criminal Justice - Correctional Institutions Division.  Thus, under Rule 25(d) of the Federal Rules of Civil Procedure, the Court automatically substitutes Quarterman as the proper respondent in this action.

onto the form of parole known as mandatory supervision.[2]  Subsequently, Wilson's parole

was revoked on May 9, 2002, following his conviction for an undisclosed misdemeanor

offense.  He remains in custody of TDCJ at the Pack Unit in Navasota, Texas.[3]

In a federal habeas corpus petition executed on June 8, 2006, Wilson complains that

prison officials incorrectly calculated his sentence following the 2002 revocation of his

parole.  Specifically, Wilson contends that he has been denied credit for the eighteen years

that he spent out of physical custody and that, as a result, prison officials have extended his

sentence unlawfully in violation of the Fourteenth Amendment Due Process Clause.  For

reasons outlined below, Wilson's petition is barred by the governing one-year statute of

limitations.  Alternatively, the petition must be dismissed because it is without merit.

## II.   THE PETITION IS UNTIMELY

### A.   The One-Year Statute of Limitations

According to the Antiterrorism and Effective Death Penalty Act of 1996 (the

"AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), all federal habeas corpus petitions

---

[2]   There are two ways in which a prisoner becomes eligible for early release under Texas law.  The first is by parole and the second is by mandatory supervision release.  "Parole" means "the discretionary and conditional release of an eligible inmate sentenced to the institutional division so that the inmate may serve the remainder of the inmate's sentence under the supervision of the pardons and paroles division."  TEX. GOV'T CODE § 508.001(6) (Vernon 2004).  "Mandatory supervision" is "the release of an eligible inmate so that the inmate may serve the remainder of the inmate's sentence not on parole but under the supervision of the pardons and paroles division."  TEX. GOV'T CODE § 508.001(5).  For ease of reference, the Court will use the terms "parole" and "mandatory supervision" interchangeably.

[3]   Because the petitioner is incarcerated within this district, this Court has jurisdiction over his petition.  *See Wadsworth v. Johnson*, 235 F.3d 959 (5th Cir. 2000).

filed after April 24, 1996, are subject to a one-year limitations period found in 28 U.S.C.

§ 2244(d)(1). Because the pending petition was filed well after April 24, 1996, the one-year

limitations period clearly applies. *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir.

1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).

In this instance, Wilson challenges the calculation of his sentence upon his return to

prison following the revocation of parole. Wilson seeks restoration of "street-time credit"

based on § 508.283(c) of the Texas Government Code, as amended in 2001.[4] Under these

circumstances, the one-year statute of limitations for federal habeas corpus review began to

run on "the date on which the factual predicate of the claim or claims presented could have

been discovered through the exercise of reasonable diligence." 28 U.S.C. § 2244(d)(1)(D).

Because Wilson knew or could have discovered the factual predicate for his claims upon his

return to prison on May 9, 2002, that date triggered the statute of limitations, which expired

one year later on May 9, 2003. Wilson's pending petition, executed by him on June 8, 2006,

is late by at least three years and is therefore time-barred unless an exception applies.

**B.      Exceptions to the Statute of Limitations**

Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed" application

for state habeas corpus or other collateral review is pending shall not be counted toward the

limitations period. *See Artuz v. Bennett*, 531 U.S. 4 (2000). Wilson reports that he filed a

state habeas corpus application to challenge the calculation of his sentence on December 21,

---

[4]      " Street-time credit refers to calendar time a person receives towards his sentence for days
spent on parole or mandatory supervision." *Ex parte Spann*, 132 S.W.3d 390, 392 n.2
(Tex. Crim. App. 2004).

2005.  The Texas Court of Criminal Appeals denied relief on April 26, 2006.  *See Ex parte*

*Wilson*, No. 05,751-03.  Because this state habeas proceeding was filed after the prescriptive

period had already expired, it does not toll the statute of limitations for purposes of

§ 2244(d)(2).  *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute

of limitations is not tolled by a state habeas corpus application filed after the expiration of

the limitations period).

Wilson has filed a memorandum in support of his petition.  He has not, however,

included an explanation for his delay.  In that respect, Wilson has not alleged that he was

subject to state action that impeded him from filing his petition in a timely manner.  *See* 28

U.S.C. § 2244(d)(1)(B).  Further, Wilson bases his claim for street-time credit on an

interpretation of a 2001 amendment to state law.  He has not shown a newly recognized

constitutional right upon which the petition is based.  *See* 28 U.S.C. § 2244(d)(1)(C).  Thus,

Wilson fails to advance any statutory ground to save his late-filed claims.  Likewise, the

pleadings disclose no "exceptional circumstances" that would warrant a discretionary

exercise of equitable tolling.  *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999),

*cert. denied*, 529 U.S. 1057 (2000).  Accordingly, the Court concludes that the petition is

barred by the governing statute of limitations.  More importantly, Wilson's petition is

without merit for alternative reasons discussed further below.

III.    **THE PETITION DOES NOT MERIT RELIEF**

        A.      **The Claims Were Rejected on State Habeas Review**

4

According to the petition, Wilson's claim was raised and rejected by the Texas Court of Criminal Appeals on state habeas corpus review.  Because this was an adjudication on the merits, Wilson is not entitled to federal habeas corpus relief unless the state court's conclusion:

    (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

    (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362 (2000).  Even under the liberal construction accorded to *pro se* pleadings, Wilson falls well short of meeting this deferential standard.

**B.**    **Restoration of "Street Time"**

Wilson's primary complaint in this action is that prison officials have unlawfully denied him eighteen years of credit towards his sentence.  Wilson notes that he was sentenced to fifty years of imprisonment in 1974, that he was released on mandatory supervision in 1984 (after ten years in custody), and was returned to TDCJ eighteen years later following the revocation of his parole in 2002.  Wilson complains that, following the revocation of his parole and his return to TDCJ, prison officials refused to restore time credit for the eighteen years he spent on parole (*i.e.*, street time).  Wilson argues, therefore, that prison officials have improperly lengthened his sentence by increasing his maximum discharge date.

As an initial matter, whether Wilson is entitled to street time is a question of state law. Texas has already rejected Wilson's claim that he is entitled to street time under the governing state statute.  It is well established that it is not the function of a federal habeas corpus court "to review a state's interpretation of its own law." *Weeks v. Scott*, 55 F.3d 1059, 1063 (citing *Moreno v. Estelle*, 717 F.2d 171, 179 (5th Cir. 1983), *cert. denied*, 466 U.S. 975 (1984)); *see also Arnold v. Cockrell*, 306 F.3d 277, 279 (5th Cir. 2002) ("We will take the word of the highest court on criminal matters of Texas as to the interpretation of its law, and we do not sit to review that state's interpretation of its own law.") (quoting *Seaton v. Procunier*, 750 F.2d 366, 368 (5th Cir. 1985)).  Even if Texas was mistaken, the Supreme Court has held repeatedly that "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Pulley v. Harris*, 465 U.S. 37, 41 (1984).  The federal writ of habeas corpus "shall not" issue unless a prisoner shows that he is in custody in violation of the Constitution or laws of the United States.  28 U.S.C. §§ 2241(c); 2254(a).

Here, Wilson invokes the Due Process Clause found in the Fourteenth Amendment to the United States Constitution as the basis for relief.  Prison inmates are entitled to protection under the Due Process Clause only when an official action infringes upon a constitutionally protected liberty interest.  *See Sandin v. Conner*, 515 U.S. 472 (1995). Liberty interests emanate from either the Due Process Clause itself or from state law.  *See Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989).  A convicted prisoner does not have a constitutional right to conditional release before the expiration of

a valid sentence.  *See Greenholtz v. Inmates of the Neb. Penal & Correctional Complex*, 442 U.S. 1, 7 (1979).  To the extent that the petitioner's claim rests on the existence of an interest created by state law, it is settled that only those state-created substantive interests that "inevitably affect the duration of [a prisoner's] sentence" may qualify for constitutional protection under the Due Process Clause.  *Sandin*, 515 U.S. at 487.  *See also Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995), *cert. denied*, 516 U.S. 1059 (1996).

According to Texas law, an inmate whose supervised release was revoked before September 1, 2001 was not entitled to credit against his sentence for the street time he had accumulated following the date of his release to the date of his revocation.  *See* TEX. GOV'T CODE ANN. § 508.283(b) (Vernon 2004), *formerly codified at* TEX. CRIM. PROC. CODE art. 42.18, § 14(a).  Therefore, under the statutory scheme in place prior to September 1, 2001, Texas inmates had no constitutionally protected liberty interest in retention of accumulated street-time credit.  *See Thompson v. Cockrell*, 263 F.3d 423, 426 (5th Cir. 2001).  Under the statute as amended, however, certain inmates whose supervised release was revoked on or after September 1, 2001 are entitled to some street-time credit upon their return to TDCJ.  *See* TEX. GOV'T CODE ANN. § 508.283(c) (Vernon 2004); *Ex parte Spann*, 132 S.W.3d 390, 392 (Tex. Crim. App. 2004) (observing that § 508.283(c) of the Texas Government Code and its provision awarding street-time credit applies to revocations occurring on or after September 1, 2001).

The Fifth Circuit has acknowledged the possibility that the amended statutory scheme found at § 508.283(c) may have created a protected liberty interest in the retention of street-

time credit by some prisoners whose supervised release was revoked after September 1, 2001. *See Whitley v. Dretke*, 111 Fed. Appx. 222, 223, 2004 WL 1895117 (5th Cir. 2004) (unpublished). Wilson's parole was revoked in 2002, meaning that the amended version of § 508.283(c) applies to him. Even assuming that the amended statute creates a protected liberty interest, however, Wilson fails to show that he is eligible for the restoration of any street-time credit under this amended statutory scheme.

Before an inmate can be entitled to restoration of street-time credit under the amended statutory scheme, he must satisfy two conditions. Under the first condition, the inmate must (a) not be serving a sentence for and (b) must not previously have been convicted of a crime described in § 508.149(a) of the Texas Government Code, which lists a variety of aggravated offenses. *See* TEX. GOV'T CODE § 508.283(b). If an offender satisfies this first condition, then he may be entitled to some street-time credit if he satisfies a second condition, which depends in turn on the amount of time remaining on the inmate's sentence at the time that the revocation warrant is issued. *See* TEX. GOV'T CODE § 508.283(c); *Spann*, 132 S.W.3d at 393 & n.6. The Texas Court of Criminal Appeals has explained that the second prerequisite for street-time credit is that the "remaining portion" of the offender's sentence be less than the amount of time the offender has spent out of custody on parole or mandatory supervision. *See Spann*, 132 S.W.3d at 392-393, 394-395, 396. The "remaining portion" of the sentence for purposes of § 508.283(c) is calculated as the number of days of the sentence remaining as of the offender's date of release to parole less the number of days the offender spent on parole. *See id.* at 395. Finally, under the express terms of the statute, the

8

amount of the time spent on parole is deemed to end on the date the revocation warrant issues.  TEX. GOV'T CODE § 508.283(c); *Spann*, 132 S.W.3d at 393 & n.6.

Significantly, Wilson cannot satisfy the first condition for the restoration of street-time credit.  As Wilson concedes, he was convicted of intentional murder and sentenced to fifty years in prison.  Murder is one of the offenses listed in § 508.149(a) of the Texas Government Code, which precludes a parole violator from eligibility for restored street-time credit under § 508.283(c).[5]  Thus, Wilson fails to show that he fits within the category of inmates eligible for restoration of street time credit under Texas law.  *See* TEX. GOV'T CODE § 508.283(b) ("If the parole . . . of a person described by § 508.149(a) is revoked, the person may be required to serve the remaining portion of the sentence on which the person was released.").[6]  Under these circumstances, Wilson cannot show that he was deprived of due process when he was denied street-time credit following the revocation of his parole.

As noted above, Wilson's street-time claim was raised and rejected by the Texas Court of Criminal Appeals on state habeas corpus review.  Wilson has not demonstrated that the state court's decision to deny his claim was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent.  28 U.S.C. § 2254(d)(1).

---

[5]     Intentional murder of the sort described by Wilson is first degree felony under § 19.02 of the Texas Penal Code.

[6]     Accordingly, there is no need to do the calculations regarding the second condition for restoration of street time.

Accordingly, for all of the foregoing reasons, Wilson is not entitled to federal habeas corpus relief from the calculation of his sentence.

## IV.     **CERTIFICATE OF APPEALABILITY**

Because the habeas corpus petition filed in this case is governed by the AEDPA, codified as amended at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed.  *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997).  "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336.  Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the

petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court has carefully considered all of the pleadings and the applicable law.  Based on this review, and for the reasons set forth above, the Court concludes that jurists of reason would not debate whether any of the procedural rulings are correct, or whether any assessment of the above-referenced constitutional claims is debatable or wrong.  Because the petitioner has failed to make "a substantial showing of the denial of a constitutional right," a certificate of appealability will not issue in this case.

## V.   CONCLUSION AND ORDER

The federal courts are authorized to dismiss habeas corpus petitions without ordering a response where it plainly appears that the petitioner is not entitled to relief.  28 U.S.C. § 2243; Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. Because the claims raised by the petitioner plainly lack merit, the petition lacks an arguable basis in law and is subject to dismissal for that reason.  *See McDonald v. Johnson*, 139 F.3d 1056, 1060 (5th Cir. 1998).

Based on the foregoing, the Court **ORDERS** as follows:

1.      The federal habeas corpus petition is **DENIED** and this case is **DISMISSED** with prejudice.

2.      A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on this **23rd day** of **June, 2006.**

Nancy F. Atlas
United States District Judge